# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SEIDAH VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. CIV-14-0262-HE |
| | ) | |
| JERAMIE L. BYRD; STEPHEN K. | ) | |
| LAFFERTY; and STEVEN RHODES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Seidah Vaughn, appearing *pro se* and *in forma pauperis*, filed this action against defendants Jeramie L. Byrd, Stephen K. Lafferty, and Steven Rhodes, individually and in their official capacities, pursuant to 42 U.S.C. § 1983, alleging violations of her Fourth and Fourteenth Amendment rights. The case stems from an alleged false arrest and conspiracy to wrongfully prosecute plaintiff for a murder in Cedar Hill, Texas. Defendants have moved to dismiss the case for improper venue, or alternatively to transfer the case to the Northern District of Texas. Plaintiff has responded, and the motion is at issue.

### Background

According to plaintiff's complaint, she was indicted in Dallas County, Texas in 2010 for a murder that occurred in 2008. Defendants are police officers employed by the Cedar Hill, Texas Police Department. Plaintiff alleges that over the course of the two-year investigation, defendants harassed her and her family and ultimately entered into a conspiracy to frame plaintiff for the murder. Plaintiff alleges that defendant Byrd made false statements to a grand jury, which lead to her indictment.

Plaintiff further alleges that, on or about December 6, 2010, defendants Byrd and Lafferty traveled from Texas to plaintiff's place of employment in Oklahoma City, where she was placed under arrest without a proper warrant and without being advised of her Miranda rights. She asserts that she was taken to the Oklahoma City Police Department, where she was interrogated by defendants Byrd and Lafferty despite her "repeated requests" to speak to her attorney. Plaintiff alleges that she was then held in the Oklahoma County jail until the next day, when she appeared in court, and, without counsel, hearing, or warrant, was remanded to defendants' custody and taken to Dallas County Detention Center and "imprisoned [ ] against her will." On December 8, 2010, plaintiff was allegedly arraigned in Texas state court and held in jail until August 26, 2011, when she was released under house arrest. On March 19, 2012, the charges against plaintiff were dropped. Plaintiff appears to allege civil rights claims based on unlawful arrest, unlawful search and seizure, false imprisonment, malicious prosecution, and, potentially, others.

## Discussion

Venue is proper in

> (1) a judicial district in which any defendant resides, . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). As defendants all reside in Texas, plaintiff relies on section (b)(2) as grounds for venue in this court. Under § 1391(b)(2), "venue is not limited to the district with the *most* substantial events or omissions." Employers Mut. Cas. Co. v. Bartile

Roofs, Inc., 618 F.3d 1153, 1165 (10th Cir. 2010) (emphasis in original) (citing First of Mich. Corp. v. Bramlet, 141 F.3d 260, 264 (6th Cir. 1998)). Instead, the statute "contemplates that venue can be appropriate in more than one district . . . [and] permits venue in multiple judicial districts as long as a substantial part of the underlying events took place in those districts." Id. (alteration in original) (quoting Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 356 (2d Cir. 2005)).

When deciding whether the "substantial part" standard is met, a court first "examine[s] the nature of the plaintiff's claims and the acts or omissions underlying those claims." Id. (citing Gulf Ins., 417 F.3d at 357). The court then determines "whether substantial 'events material to those claims occurred' in the forum district." Id. (quoting Gulf Ins., 417 F.3d at 357). "The substantiality requirement is satisfied upon a showing of 'acts and omissions that have a close nexus' to the alleged claims." Id. (quoting Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1372 (11th Cir. 2003)).

Defendants argue that the only event giving rise to plaintiff's claims that occurred within the Western District of Oklahoma was the alleged false arrest. That alone, they contend, does not amount to a "substantial part" of her claims to establish proper venue in this district. The court concludes otherwise. Even if the arrest alone was not a sufficient basis for venue, a number of other events allegedly occurred in Oklahoma which are arguably related to plaintiff's claims. Plaintiff asserts that she was incarcerated in the Oklahoma County jail, which relates to her false imprisonment claim. She alleges that defendants harassed her and her family in both Oklahoma and in Texas, contributing to what she

3

characterizes as an intentional infliction of emotional distress claim. While it may be true that the majority of the events which led to the alleged conspiracy and malicious prosecution occurred in Texas, the test is not where the majority of the events occurred, but where a "substantial part" of the events occurred. Here, the court concludes that sufficient events having a "close nexus" to plaintiff's claims occurred in the Western District of Oklahoma. Venue is therefore proper in this court, and defendants' motion to dismiss will be denied.

Alternatively, defendants move to transfer the case to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a), which states that "a district court may transfer an action '[f]or the convenience of parties and witnesses, [and] in the interest of justice, . . . to any other district or division where it might have been brought.'" *Id.* (quoting 28 U.S.C. § 1404(a)) (alterations in original). When considering a motion to transfer, a court examines a number of factors, including:

> plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

<u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928 F.2d 1509, 1516 (10th Cir. 1991). "The 'party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient.'" <u>Employers Mut. Cas. Co.</u>, 618 F.3d at 1167 (quoting <u>Scheidt v. Klein</u>, 956 F.2d 963, 965 (10th Cir. 1992)). "[U]nless the balance is strongly in

4

favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." Employers Mut. Cas. Co., 618 F.3d at 1167-68 (quoting Scheidt, 956 F.2d at 965).

While the question is close, the court is not persuaded that the balance is "strongly in favor" of transfer. Defendants assert that litigating in the current forum imposes an undue hardship on them, but that a transfer would not work a similar hardship on plaintiff. They present no evidence or explanation in support of that contention and it is certainly counterintuitive. If anything, it seems more likely a *pro se* plaintiff would encounter more difficulties litigating in a distant district than would defendants like these, who have some level of employer support. "Merely shifting the inconvenience from one side to the other . . . obviously is not a permissible justification for a change of venue." Scheidt, 956 F.2d at 966.

Defendants also argue that the case should be transferred because a majority of the evidence and witnesses necessary to support their defense are located in Texas. To demonstrate inconvenience based on witnesses and evidence, "the movant must (1) identify the witnesses and their locations; (2) 'indicate the quality or materiality of the[ir] testimony'; and (3) 'show[ ] that any such witnesses were unwilling to come to trial . . . [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary.'" Employers Mut. Cas. Co., 618 F.3d at 1167-68 (quoting Scheidt, 956 F.2d at 966) (alterations in original). Defendants have provided no such support for their argument. Instead, they have merely stated that evidence and witnesses are located in Texas, and attempted to shift the burden to plaintiff to refute their assertion. *See* Defendants' Reply

5

[Doc. 22, pg. 4] (" . . . Plaintiff fails to present any proof by way of affidavit or documentary evidence that would tend to support her position."). While it appears likely, given the complaint's description of events, that most of the witnesses are likely to be in Texas, defendants' showing is not sufficiently specific as to make that consideration determinative.

The court views the remaining "public interest" factors asserted by defendants as either neutral or otherwise unpersuasive. There appears to be no significant difference between the relative dockets of the Northern District of Texas and the Western District of Oklahoma, and the Western District has a somewhat shorter "filing to trial" average.[1] The court is, in any event, willing and able to move this case to resolution as quickly as the parties' efforts permit. Further, plaintiff's claims appear to be based entirely on federal law, so there is less chance of a state law or variations in state law having a major impact on disposition of the case. Finally, defendants argue that the case should be transferred because a majority of the events that led to plaintiff's claims occurred in Texas. While that may be true, the court concludes that factor, coupled with the other circumstances, does not warrant overriding plaintiff's choice of forum.

For the reasons stated, defendants' motion to dismiss or transfer venue [Doc. #11] is **DENIED**.

---

[1] http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-december-2013.aspx.

**IT IS SO ORDERED**.

Dated this 1st day of July, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE